**PIKE COUNTY BOARD OF EDUCATION,**
Appellant,

v.

**BELFRY COAL CORPORATION et al.,**
Appellees.

Court of Appeals of Kentucky.

April 21, 1961.

Baird & Hays, L. Clyde Farley, Pikeville, for appellant.

Francis M. Burke, Pikeville, for appellees.

CLAY, Commissioner.

Plaintiffs (appellees) own and operate a garage at the northwest corner of U. S. Highway 119 and Hatcher Street in the town of Belfry. Defendant Board of Education (appellant) owns adjoining property. Plaintiffs were granted a permanent injunction enjoining the Board from filling its land so as to cast water onto plaintiffs' premises.

Hatcher Street runs east and west. Plaintiffs' building is at the east end thereof where it intersects Highway 119. Westerly the street ascends into a hilly area. Originally the land owned by the Board (west of plaintiffs' building) had a lower elevation than Hatcher Street and the floor of plaintiffs' building. Natural drainage down Hatcher Street and from the hilly area to the west flowed onto the Board's property, creating somewhat of a swampy area.

The Board decided to build a playground and football field in this area. This was done by filling it with dirt and rock to an elevation approximately 4 feet higher than the level of plaintiffs' floor. As a result there was created an embankment along the north side of Hatcher Street and behind plaintiffs' building. Because of this fill the natural drainage down Hatcher Street and alongside it no longer passed onto the Board's property but was forced onto plaintiffs' property.

The Chancellor, after hearing the witnesses and personally examining the property, found as a fact that defendant's fill constituted an artificial obstruction to the drainage and substantially contributed to the flooding of plaintiffs' premises during rainfall. Defendant contends the evidence does not support this finding of fact. We have examined the evidence, including the photographs, and the Chancellor's finding is amply supported. It simply cannot be denied that defendant's fill substantially changed the condition of natural drainage in this area. There was adequate proof the change caused an increase in the amount of water cast upon plaintiffs' premises.

Defendant next contends that in "balancing the conveniences" it should not be required to spend more public money to remedy the situation. We cannot see how this doctrine has any application here. It is only where an injunction will operate oppressively and the benefit to the complainant is slight that an injunction will be denied to balance the convenience of the parties. This doctrine is also limited to those cases where money damages or some other remedy will give the complainant adequate relief. Kentucky Electric Development Co.'s Receiver v. Wells, 256 Ky. 203, 75 S.W.2d 1088.

Under the facts of this case it does not appear oppressive to require defendant to solve the engineering problem which should have been adequately taken care of before the project was undertaken. On the other side, the injury to plaintiffs is substantial and will be continuous. Not only would money damages not furnish adequate relief but it is probable that such damages (projected into the future) would eventually cost defendant as much or more than it will cost to remedy the difficulty by compliance with the injunction.

Defendant finally contends that plaintiffs are estopped to obtain this relief because they encouraged defendant to spend money in an unsuccessful attempt to alleviate the situation. Overlooking the significant fact that the alleged estoppel developed after the suit was filed, it is apparent that plaintiffs by insisting that certain steps be taken are not precluded from claiming that all steps be taken which are necessary to right the wrong committed by the defendant.

The judgment is affirmed.